UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**JAMES E. BURKE, Trustee**,

      Plaintiff/Appellant,

vs.

                                                                  No. CIV 1:97-195 BB/LCS

**R.J. McCANNA II and**
**INEZ A. McCANNA**,

      Defendants/Appellees.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### NOTICE

Within ten days after a party receives a copy of these Proposed Findings and Recommended Disposition a party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such Proposed Findings and Recommended Disposition. A party must file written objections within the ten day period allowed if that party desires review by the district court. In the absence of timely-filed objections, no review will be conducted.

### PROPOSED FINDINGS

On appeal, this Court will accept the bankruptcy court's factual findings unless they are clearly erroneous. *In re Davidson Lumber Sales, Inc.*, 66 F.3d 1560, 1563 (10th Cir. 1995). However, conclusions of law are reviewed *de novo*. *Id*.

The facts underlying the instant cause are set forth with specificity in two written opinions, *McCanna v. Burke*, 197 B.R. 333 (D.N.M. 1996), and *Czel v. McCanna*, 202 B.R. 778 (D.N.M. 1996), and they will not be repeated here. Nonetheless, I will provide the following information

essential to the instant appeal.

Plaintiff/Appellant James E. Burke ("Trustee"), the trustee in the underlying bankruptcy action, brought an action to avoid the debtors' transfer of real property as fraudulent. The bankruptcy court granted the Trustee's motion. On appeal, the district court adopted the magistrate judge's recommendation and reversed and remanded the matter "to allow the bankruptcy court to adduce evidence . . . related to the value of the real property to the trustee at the time of transfer had the trustee been holding the property subject to the terms of the distressed contract." *McCanna*, 197 B.R. at 341. In making its decision, the district court found that the bankruptcy court erred by relying solely on the property's fair market value in making a determination on whether the transfer was made for reasonably equivalent value (REV). *Id*.

Instead, the district court opined that the proper inquiry for determining REV under the facts of this case is twofold. First, the bankruptcy court should decide whether the forfeiture provision of the real estate contract was enforceable. Second, if the forfeiture provision is enforceable, the bankruptcy court should focus on "the property's value to the trustee contingent on the effect the distressed contract has on that property's worth on the date of transfer." *Id*.

On remand, the bankruptcy court correctly noted that the chief factual issue was identical from the first bankruptcy proceeding: whether the forfeiture of the real estate contract was a fraudulent conveyance because REV was not received. *Czel*, 202 B.R. at 782. In making this determination on remand, the bankruptcy court considered various factors. These included the application of New Mexico law on forfeitures of real estate contracts, including whether the circumstances surrounding the foreclosure in the instant case would shock the conscience, and whether there was any collusion involved in the forfeiture at issue. *Id*. at 783-84. After applying

these precepts and considering the factual issues, the bankruptcy court found that the transfer was for REV and thus not avoidable as a fraudulent transfer. *Id.* at 784.

In the instant appeal, the Trustee takes issue with the bankruptcy court's alleged failure to follow the instructions of the magistrate judge and the district court. (Appellant's Br. at 4). Specifically, the Trustee argues that the bankruptcy court's decision is erroneous because under its analysis, a real estate contract forfeited pursuant to state law would be *per se* insulated from attack by a bankruptcy trustee. (Appellant's Br. at 6).

I find no merit to this contention. First, after adducing evidence on the issue, the bankruptcy court found that the transfer of property was void of collusion. *Czel*, 202 B.R. at 784. This was a factual finding subject to the "clearly erroneous' standard of review. *In re Davidson Lumber Sales, Inc.*, 66 F.3d at 1563. After reviewing the record, it is my view that the bankruptcy court's finding of noncollusiveness is the critical lynchpin undergirding its decision that the transfer was not fraudulent. That is, the bankruptcy court's finding that a collusive transfer did not take place was the basis for denying the Trustee's motion for avoidance of the transfer. Hence, the Trustee's argument that all forfeited real estate contracts would *per se* fall outside the scope of review for fraudulent conveyances is without merit. The critical question, in the bankruptcy court's estimation, is whether a transfer was tainted by collusiveness.

Second, the bankruptcy court looked at several other factors, including whether appreciation of the property resulted in a windfall to the McCannas. *Id.* This consideration of all relevant evidence is in line with the guidance contained in the magistrate judge's recommendation and in the district court's order of remand. *See McCanna*, 197 B.R. at 341 (bankruptcy court to consider all relevant evidence related to the value of the property at time of transfer). Thus, I find

that the Trustee's assertion that the bankruptcy court failed to follow the instructions provided in *McCanna* to be without merit.

## MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

For the aforementioned reasons, and mindful of the standard of review, I recommend that the decision of the bankruptcy court be affirmed.

_____
Leslie C. Smith
United States Magistrate Judge